## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHERRY MORTON and
NATIONAL AEROBICS & FITNESS
TRAINERS ASSOCIATION,

        Plaintiffs,

v.

BCAP GDI 1, INC.,

        Defendant.

Civil Action No.: 1:24-cv-01432-JLH

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs, Sherry Morton ("Morton") and National Aerobics & Fitness Trainers Association ("NAFTA"), by counsel and for their Answer to the Counterclaims of Defendant, BCAP GDI 1, Inc. ("Boathouse") set forth in Boathouse's Answer and Counterclaims filed on January 24, 2025 [Doc. 12], state as follows:

### Jurisdiction

2.      Plaintiffs admit the allegations in paragraph 2.

### Venue

3.      Plaintiffs admit the allegations in paragraph 3.

### Parties

4.      Paragraph 4 does not contain allegations requiring a response. To the extent Paragraph 4 is deemed to contain allegations requiring a response, Plaintiffs deny the allegations.

### Facts

5.      Plaintiffs admit the allegations in paragraph 5.

6.      Plaintiffs admit the allegations in paragraph 6.

7.    Plaintiffs admit the allegations in paragraph 7 set forth a general description of the nature of certain of the provisions of the SPA, and Plaintiffs further state the terms of the SPA speak for themselves with regard to specific provisions.

8.    Plaintiffs admit the allegations in paragraph 8 set forth a general description of the nature of certain of the provisions of the Consultant Agreement between Millennium Health & Fitness, Inc. ("Millennium") and Lerwick Consulting LLC, and Plaintiffs further state the terms of that Consultant Agreement speak for themselves with regard to specific provisions.

9.    Plaintiffs admit the allegations in paragraph 9.

10.    Plaintiffs admit the allegations in paragraph 10.

11.    Plaintiffs admit the allegations in paragraph 11.

12.    Plaintiffs admit the allegations in paragraph 12 to the extent they are intended to allege that Morton executed the referenced agreement as a representative of NAFTA.  In any other respects, Plaintiffs deny the allegations.

13.    Plaintiffs deny the allegations in paragraph 13.

14.    Plaintiffs deny the allegations in paragraph 14.

15.    Plaintiffs deny the allegations in paragraph 15, but admit the parties had discussions regarding the same allegations Defendant has made through its Counterclaim.

16.    Plaintiffs deny the allegations in paragraph 16, but admit Defendant and Millennium sent the notice described in paragraph 16.

17.    Plaintiffs deny the allegations in paragraph 17, but admit Defendant and Millennium sent the notice described in paragraph 17.

18.    Plaintiffs deny the allegation in paragraph 18 that Defendant has suffered Losses, but admit Defendant sent the notice described in paragraph 18.

19.     Plaintiffs admit the allegations in paragraph 19 set forth a general description of Morton's response to the Direct Indemnity Claim Notice, and Plaintiffs further state the terms of Morton's response speak for themselves with regard to other matters.

20.     Plaintiffs admit the allegations in paragraph 20 set forth a general description of Morton's response to the Direct Indemnity Claim Notice, and Plaintiffs further state the terms of Morton's response speak for themselves with regard to other matters.

21.     Plaintiffs admit the allegations in paragraph 21 set forth a general description of NAFTA's response to the NAFTA Termination Notice, and Plaintiffs further state the terms of NAFTA's response speak for themselves with regard to other matters.

22.     Plaintiffs admit the allegations in paragraph 22.

23.     Plaintiffs deny the allegation in paragraph 23 that Defendant provided documentation that substantiates its claims, but admits the remaining allegations in paragraph 23.

24.     Plaintiffs admit the allegations in paragraph 24.

### First Counterclaim

25.     In response to paragraph 25, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

26.     Plaintiffs deny the allegations in paragraph 26.

27.     Plaintiffs admit the allegations in paragraph 27.

28.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore deny same.

29.     Plaintiffs deny the allegations in paragraph 29.

30.     Plaintiffs admit the allegations in paragraph 30.

31.     Plaintiffs admit the allegations in paragraph 31, but further state that accrued payroll was identified in financial statements leading up to the Closing.

32.     Plaintiffs admit the allegations in paragraph 32, but further state that accrued payroll was identified in financial statements leading up to the Closing.

33.     Plaintiffs deny the allegations in paragraph 33.

34.     Plaintiffs admit the allegations in paragraph 34 set forth a general description of the definition of "Losses," and Plaintiffs further refer to the specific definition of "Losses" provided in the SPA for more specificity.

35.     Plaintiffs admit paragraph 35 contains an accurate quotation of the referenced provision of the SPA.

36.     Plaintiffs deny the allegations in paragraph 36.

### Second Counterclaim

37.      In response to paragraph 37, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

38.     Plaintiffs admit the allegations in paragraph 38 set forth a general description of Section 2.11(c) of the SPA, and Plaintiffs further refer to Section 2.11(c) of the SPA for more specificity regarding its terms.

39.     Plaintiffs deny the allegations in paragraph 39.

40.     Plaintiffs deny the allegations in paragraph 40.

41.     Plaintiffs deny the allegations in paragraph 41.

42.     Plaintiffs deny the allegations in paragraph 42.

**Third Counterclaim**

43.     In response to paragraph 43, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

44.     Plaintiffs admit the allegations in paragraph 44 set forth a general description of Section 5.2 of the SPA, and Plaintiffs further refer to Section 5.2 of the SPA for more specificity regarding its terms.

45.     Plaintiffs admit the allegations in paragraph 45.

46.     Plaintiffs admit the allegations in paragraph 46.

47.     Plaintiffs admit the allegations in paragraph 47.

48.     Plaintiffs admit the allegations in paragraph 48.

49.     Plaintiffs admit the allegations in paragraph 49 set forth a general description of Section 2.15(b) of the SPA, and Plaintiffs further refer to Section 2.15(b) of the SPA for more specificity regarding its terms.

50.     Plaintiffs admit the allegations in paragraph 50 set forth a general description of Section 2.15(b) of the SPA, and Plaintiffs further refer to Section 2.15(b) of the SPA for more specificity regarding its terms.

51.     Plaintiffs admit the allegations in paragraph 51.

52.     Plaintiffs admit the allegations in paragraph 52, but deny that the September 2023 balance sheet did not provide information regarding accrued payroll.

53.     Plaintiffs admit the allegations in paragraph 53 set forth a general description of Section 2.16 of the SPA, and Plaintiffs further refer to Section 2.16 of the SPA for more specificity regarding its terms.

54.     Plaintiffs admit the allegations in paragraph 54.

55.  Plaintiffs admit the allegations in paragraph 55.

56.  Plaintiffs deny the allegations in paragraph 56, but admit the cash at the time of Closing was $104,530.45.

57.  Plaintiffs admit the allegations in paragraph 57 and further state that no provisions of the SPA prohibited the withdrawal of cash prior to Closing, which was expected by all parties.

58.  Plaintiffs admit so much of paragraph 58 as alleges the parties had discussions regarding cash and working capital targets and adjustments, but deny the remaining allegations in paragraph 58.

59.  Plaintiffs admits the allegations in paragraph 59.

60.  Plaintiffs deny the allegations in paragraph 60.

61.  Plaintiffs deny the allegations in paragraph 61.

62.  Plaintiffs deny the allegations in paragraph 62.

63.  Plaintiffs admit the allegations in paragraph 63 set forth a general description of a portion of the SPA, and Plaintiffs further refer to the SPA for more specificity regarding its terms.

64.  Plaintiffs admit the allegations in paragraph 64 set forth a general summary of Section 7.2(b) of the SPA, and Plaintiffs further refer to Section 7.2(b) of the SPA for more specificity regarding its terms.

65.  Plaintiffs deny the allegations in paragraph 65.

66.  Plaintiffs admit the allegations in paragraph 66.

67.  Plaintiffs deny the allegations in paragraph 67.

68.  Plaintiffs deny the allegations in paragraph 68.

**Fourth Counterclaim**

69.     In response to paragraph 69, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

70.     Plaintiffs admit the allegations in paragraph 70.

71.     Plaintiffs admit the allegations in paragraph 71 set forth a general summary of Section 2.12(e) of the SPA, and Plaintiffs further refer to Section 2.12(e) of the SPA for more specificity regarding its terms.

72.     Plaintiffs admit the allegations in paragraph 72 set forth a general summary of Section 2.12(i) of the SPA, and Plaintiffs further refer to Section 2.12(i) of the SPA for more specificity regarding its terms.

73.     Plaintiffs admit the allegations in paragraph 73 set forth a general summary of Section 2.33(b)(iv)(B) of the SPA, and Plaintiffs further refer to that section of the SPA for more specificity regarding its terms.

74.     Plaintiffs admit the allegations in paragraph 74 set forth a general summary of Section 5.3 of the SPA, and Plaintiffs further refer to Section 5.3 of the SPA for more specificity regarding its terms.

75.     Plaintiffs admit the allegations in paragraph 75 set forth a general summary of Section 5.3 of the SPA, and Plaintiffs further refer to Section 5.3 of the SPA for more specificity regarding its terms.

76.     Plaintiffs admit the allegations in paragraph 76 set forth a general summary of Section 5.3 of the SPA, and Plaintiffs further refer to Section 5.3 of the SPA for more specificity regarding its terms.

77.     Plaintiffs admit the allegations in paragraph 77.

78.     Plaintiffs admit the allegations in paragraph 78.

79.     Plaintiffs admit the allegations in paragraph 79.

80.     Plaintiffs admit the allegations in paragraph 80.

81.     Paragraph 81 calls for a legal conclusion and does not require a response from Plaintiffs.

82.     Plaintiffs deny the allegations in paragraph 82.

83.     Plaintiffs deny the allegations in paragraph 83, but admit Defendant made such demand on October 31 and December 4, 2024.

84.     Plaintiffs admit the allegations in paragraph 84.

85.     Plaintiffs admit the allegations in paragraph 85.

86.     Plaintiffs admit the allegations in paragraph 86.

87.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore deny same.

88.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny same.

89.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore deny same.

90.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore deny same.

91.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny same.

92.     Plaintiffs admit the allegations of paragraph 92.

93.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore deny same.

94.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore deny same.

95.    Plaintiffs deny the allegations in paragraph 95.

96.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore deny same.

97.    Plaintiffs deny the allegations in paragraph 97.

98.    Paragraph 98 calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent paragraph 98 is deemed to require a response, Plaintiffs deny the allegations in paragraph 98.

99.    Plaintiffs admit the allegations in paragraph 99.

100.    Plaintiffs admit the allegations in paragraph 100 set forth a general summary of Section 7.3(f) the SPA, and Plaintiffs further refer to Section 7.3(f) of the SPA for more specificity regarding its terms.

101.    Plaintiffs admit the allegations in paragraph 101 set forth a general summary of Section 7.9 of the SPA, and Plaintiffs further refer to Section 7.9 of the SPA for more specificity regarding its terms.

102.    Plaintiffs deny the allegations in paragraph 102.

103.    Plaintiffs deny the allegations in paragraph 103.

104.    Plaintiffs deny the allegations in paragraph 104.

105.    Plaintiffs deny the allegations in paragraph 105.

106.    Plaintiffs deny the allegations in paragraph 106.

107.    Plaintiffs deny the allegations in paragraph 107.

108.    Plaintiffs deny the allegations in paragraph 108.

109.    Plaintiffs deny the allegations in paragraph 109.

110.    Plaintiffs deny the allegations in paragraph 110.

111.    Plaintiffs deny the allegations in paragraph 111.

**Fifth Counterclaim**

112.    In response to paragraph 112, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

113.    Plaintiffs deny the allegations in paragraph 113.

114.    Plaintiffs deny the allegations in paragraph 114.

115.    Plaintiffs admit the allegations in paragraph 115 set forth a general summary of a portion of the Consulting Agreement, and Plaintiffs further refer to the Consulting Agreement for more specificity regarding its terms.

116.    Plaintiffs deny the allegations in paragraph 116.

117.    Plaintiffs admit the allegations in paragraph 117.

118.    Plaintiffs deny the allegations in paragraph 118.

119.    Plaintiffs admit the allegations in paragraph 119 set forth a general summary of a portion of the SPA, and Plaintiffs further refer to the SPA for more specificity regarding its terms.

120.    Plaintiffs deny the allegations in paragraph 120.

121.    Plaintiffs deny the allegations in paragraph 121.

122.    Plaintiffs deny the allegations in paragraph 122.

123.    Plaintiffs deny the allegations in paragraph 123.

124.    Plaintiffs deny the allegations in paragraph 124.

125.    Plaintiffs deny the allegations in paragraph 125.

126.    Plaintiffs deny the allegations in paragraph 126.

127.    Plaintiffs deny the allegations in paragraph 127.

128.    Plaintiffs deny the allegations in paragraph 128.

**Sixth Counterclaim**

129.    In response to paragraph 129, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

130.    Plaintiffs admit the allegations in paragraph 130 set forth a general summary of Section 5.1(a) of the SPA, and Plaintiffs further refer to Section 5.1(a) of the SPA for more specificity regarding its terms.

131.    Plaintiffs admit the allegations in paragraph 131 set forth a general summary of a portion of the Consulting Agreement and NAFTA Agreement, and Plaintiffs further refer to those agreements for more specificity regarding their terms.

132.    Plaintiffs admit the allegations in paragraph 132.

133.    Plaintiffs admit the allegations in paragraph 133 set forth a general summary of Section 2 of the Restrictive Covenant Agreement, and Plaintiffs further refer to that agreement for more specificity regarding its terms.

134.    Plaintiffs deny the allegations in paragraph 134.

135.    Plaintiffs deny the allegations in paragraph 135.

136.    Plaintiffs deny the allegations in paragraph 136.

137.    Plaintiffs admit the allegations in paragraph 137.

138.    Plaintiffs deny the allegations in paragraph 138.

139.    Plaintiffs deny the allegations in paragraph 139.

140.    Plaintiffs deny the allegations in paragraph 140.

141.    Plaintiffs deny the allegations in paragraph 141.

142.    Plaintiffs deny the allegations in paragraph 142.

143.    Plaintiffs deny the allegations in paragraph 143.

144.    Plaintiffs deny the allegations in paragraph 144.

145.    Plaintiffs deny the allegations in paragraph 145.

### Seventh Counterclaim

146.    In response to paragraph 146, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

147.    Plaintiffs admit the allegations in paragraph 147.

148.    Plaintiffs deny the allegations in paragraph 148.

149.    Plaintiffs admit the allegations in paragraph 149 set forth a general summary of a portion of Section 5.4 of the SPA, and Plaintiffs further refer to Section 5.4 of the SPA for more specificity regarding its terms.

150.    Plaintiffs deny the allegations in paragraph 150.

151.    Plaintiffs deny the allegations in paragraph 151.

152.    Plaintiffs deny the allegations in paragraph 152.

153.    Plaintiffs admit the allegations in paragraph 153.

154.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore deny same.

155.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore deny same.

156.    Plaintiffs admit the allegations in paragraph 156.

157.    Plaintiffs admit the allegations in paragraph 157.

158.    Plaintiffs deny the allegations in paragraph 158.

159.    Plaintiffs deny the allegations in paragraph 159.

160.    Plaintiffs admit the allegations in paragraph 160.

161.    Plaintiffs deny the allegations in paragraph 161.

162.    Plaintiffs admit the allegations in paragraph 162.

163.    Plaintiffs admit the allegations in paragraph 163.

164.    Plaintiffs deny the allegations in paragraph 164.

165.    Plaintiffs deny the allegations in paragraph 165.

166.    Plaintiffs deny the allegations in paragraph 166.

167.    Plaintiffs admit the allegations in paragraph 167 set forth a general summary of a portion of the Consulting Agreement, and Plaintiffs further refer to the Consulting Agreement for more specificity regarding its terms.

168.    Plaintiffs deny the allegations in paragraph 168.

169.    Plaintiffs deny the allegations in paragraph 169.

170.    Plaintiffs admit the allegations in paragraph 170.

171.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore deny same.

172.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore deny same.

173.    Plaintiffs deny the allegations in paragraph 173.

174.    Plaintiffs deny the allegations in paragraph 174.

175.    Plaintiffs deny the allegations in paragraph 175.

13

176.    Plaintiffs deny the allegations in paragraph 176.

177.    Plaintiffs deny the allegations in paragraph 177.

### Eighth Counterclaim

178.    In response to paragraph 178, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

179.    Plaintiffs admit the allegations in paragraph 179.

180.    Plaintiffs admit the allegations in paragraph 180.

181.    Plaintiffs admit the allegations in paragraph 181 set forth a general summary of a portion of the Consulting Agreement, and Plaintiffs further refer to the Consulting Agreement for more specificity regarding its terms.

182.    Plaintiffs admit the allegations in paragraph 182.

183.    Plaintiffs admit the allegations in paragraph 183.

184.    Plaintiffs admit the allegations in paragraph 184.

185.    Plaintiffs admit the allegations in paragraph 185.

186.    Plaintiffs deny the allegations in paragraph 186.

187.    Plaintiffs deny the allegations in paragraph 187.

### Ninth Counterclaim

188.    In response to paragraph 188, Plaintiffs reiterate and incorporate their foregoing responses as if fully set forth herein.

189.    Plaintiffs admit the allegations in paragraph 189.

190.    Plaintiffs admit the allegations in paragraph 190.

191.    Plaintiffs admit the allegations in paragraph 191.

192.    Plaintiffs admit the allegations in paragraph 192.

193.     Plaintiffs admit the allegations in paragraph 193.

194.     Plaintiffs admit the allegations in paragraph 194.

195.     Plaintiffs admit the allegations in paragraph 195.

196.     Plaintiffs admit the allegations in paragraph 196.

197.     Plaintiffs admit the allegations in paragraph 197.

198.     Plaintiffs admit the allegations in paragraph 198.

199.     Plaintiffs admit the allegations in paragraph 199.

200.     Plaintiffs admit the allegations in paragraph 200.

201.     Plaintiffs deny the allegations in paragraph 201.

202.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore deny same.

203.     Plaintiffs deny the allegations in paragraph 203, but admit Morton withdrew $549,000 prior to Closing.

204.     Plaintiffs deny the allegations in paragraph 204.

205.     Plaintiffs deny the allegations in paragraph 205.

206.     Plaintiffs deny the allegations in paragraph 206.

207.     Plaintiffs deny the allegations in paragraph 207.

208.     Plaintiffs deny the allegations in paragraph 208.

209.     Plaintiffs deny the allegations in paragraph 209.

210.     Plaintiffs deny the allegations in paragraph 210.

211.     Plaintiffs deny the allegations in paragraph 211.

**AFFIRMATIVE DEFENSES**

212.     Defendant's counterclaim fails to state a claim upon which relief may be granted.

15

213.  A portion of Defendant's claims are barred by its failure to follow the process prescribed through the SPA for making adjustments to the purchase price after Closing.

214.  A portion of Defendant's claims are barred by lack of privity of contract.

215.  Any Losses Defendant claims to have suffered are the consequence of its own failures to operate its business in a reasonably responsible manner.

WHEREFORE, Plaintiffs respectfully request the following:

1. Judgment in their favor on all claims asserted in this action;

2. Their attorney's fees and costs of this action, as may be provided by law; and

3. Such other and further relief as the Court deems just and proper.

**FOX ROTHSCHILD LLP**

*/s/ Sidney S. Liebesman*
Sidney S. Liebesman (DE ID 3702)
Joshua Tufts (DE ID 7275)
1201 N. Market St., Suite 1200
Wilmington, DE  19801
Tel.: (302) 622-4237
sliebesman@foxrothschild.com
jtufts@foxrothschild.com

Of Counsel:

Brian M. Johnson (admitted *pro hac vice*)
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, KY 40507
Tel.: (859) 899-8700
bjohnson@dickinsonwright.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all Parties.

/s/ *Sidney S. Liebesman*
Sidney S. Liebesman (#3702)