

1201 N. Market Street, Suite 1200
Wilmington, DE  19801
☎ 302.654.7444  🖷 302.656.8920
www.foxrothschild.com

CARMELLA L. CINAGLIA
Direct No: 302.622.4237
Email: ccinaglia@foxrothschild.com

August 13, 2026

***VIA CM/ECF FILING***

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 6312
Wilmington, DE 19801-3555

   Re: *Sherry Morton, et al. v. BCAP GDI 1, Inc.*
     D. Del. 24-CV-04132-JLH-EGT

Dear Judge Hall,

Following up on yesterday's Final Pretrial Conference, the parties have conferred and we request that we proceed covering the 18 hours of trial (split 9 hours per side) spread out over Monday through Thursday of next week (August 17-20).  Beginning at 9:30am as the Court directed, we could have short morning and afternoon breaks, and a lunch break, and get in roughly 4.5 hours each day by 3:30pm.  The parties believe that will allow us to make the best use of the trial time we have while, at the same time, accommodating for our experts' anticipated travel.

In order to best streamline the case we suggest:

 (1) All Joint Exhibits be admitted into evidence;

 (2) Any exhibit referenced in a deposition designation be admitted into evidence absent an objection;

 (3) Any exhibit referenced in a deposition designation to which there is an objection will be conditionally admitted, subject to post-trial briefing, unless a party seeks to argue the admissibility issue during trial; and

 (4) Any submission of evidence of BCAP's attorneys' fees and costs or investigation costs associated with any of BCAP's claims be deferred unless and until the Court finds in favor of BCAP on any claims.

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Massachusetts Minnesota Missouri
Nevada New Jersey New York North Carolina Oklahoma Pennsylvania South Carolina Texas Washington



The Honorable Jennifer L. Hall
August 13, 2026
Page 2

In accordance with the Court's guidance on the motions in limine – specifically that the Parole Evidence Rule is a matter of substantive law, not evidence – the parties are working in good faith to withdraw previously lodged objections. Similarly, the parties are narrowing their deposition designations and will provide the Court with new designations in advance of introducing a witness by deposition.

As discussed at the pretrial conference, because there are claims and counterclaims, but also to avoid bringing in witnesses multiple times, the parties anticipate the live fact witnesses all will testify during the Plaintiffs' opening case, and the scope of their crosses will not be limited to the scope of their direct testimony. BCAP also will have the right to re-cross the witnesses after Plaintiffs' redirect. Redirect and recross, however, will be limited to the scope of the examination that preceded them.

Relatedly, the parties agree that BCAP, which bears the burden of proof on its counterclaims, should get the final rebuttal (which could include bringing back any witness an additional time).

With a four-day trial, we would anticipate that the Plaintiffs' case would conclude on Tuesday, BCAP would present its case on Wednesday, Plaintiffs would call their two rebuttal experts on Thursday morning, and BCAP's rebuttal would be Thursday afternoon.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Carmella L. Cinaglia*
Carmella L. Cinaglia (DE ID 7032)

cc:     All Counsel (via e-mail)